THE STATE, MARY E. ALBY ET AL., PROSECUTORS, v. THE
ESSEX PUBLIC ROAD BOARD.

Under the statutes relating to The Essex Public Road Board, lands bene-
fited by an alteration in the grade of an avenue laid out by said board,
cannot be assessed for the benefits derived from such alteration, except
in the single assessment which may be levied against all the lands
benefited by the laying out of the avenue or section thereof.

On *certiorari*.

Argued at February Term, 1889, before Justices SCUDDER,
DIXON and REED.

For the prosecutors, *Thos. N. McCarter.*

For tne defendants, *John W. Taylor.*

The opinion of the court was delivered by

DIXON, J.   In March, 1871, Bloomfield avenue was laid
out by The Essex Public Road Board through the townships
of Bloomfield and Montclair.   In November, 1872, the
damages occasioned thereby having been ascertained, assessors
were appointed by the Essex Common Pleas to assess those
damages on the property benefited.   Subsequently, in con-
structing the avenue, the road board determined to change in
several places the grade previously established, and, in Sep-
tember, 1873, the Common Pleas appointed appraisers to
ascertain the damages caused by such alteration of grade.
These damages having been finally ascertained by the awards
of these appraisers and by appeals from their awards, in Janu-
ary, 1881, the Common Pleas appointed assessors to assess
them upon the land benefited by the alteration of grade, and
the assessment levied by these assessors is now before the Su-
preme Court for review.

Thirty-one writs of *certiorari* have been issued, bringing
up assessments levied in the township of Montclair, and six-

teen writs bringing up those levied in the township of Bloomfield.

The substantial question in these cases is, whether the acts in relation to The Essex Public Road Board authorize an assessment to be levied for the benefits received by an alteration of the grade of the avenue, separate from the assessment levied for the benefits otherwise received from the laying out and construction of the avenue.

The original act of 1869 (*Pamph. L., p.* 957), which provided for the laying out and construction of carriage roads in the county of Essex, contemplated for each road two appraisements of damages and two assessments for benefits ; one appraisement, under section 7, in favor of the owners of land taken, for the damages sustained by taking the land, and one assessment of those damages, under the same section, to be levied by the same commissioners against the owners of land benefited ; the other appraisement, under section 11, in favor of landowners, for damages caused by alteration of grade, and the other assessment, under section 9, against the owners of land benefited, for the cost of surveying, locating, laying out, constructing or reconstructing any new road, or of widening, straightening, constructing, reconstructing or otherwise improving any existing public road, which cost was, according to section 11, to include the damages for the alteration of grade, and was, according to section 9, to be wholly ascertained before the assessors were appointed.    All these appraisers and assessors were to be appointed by the Court of Common Pleas.

The supplement of February 16th, 1870 (*Pamph. L., p.* 181), designated six avenues to be laid out, constructed and maintained by the road board, among which is the Bloomfield avenue now in question.    This supplement provides for a quite dissimilar method of appraisement and assessment, so complete as largely to supersede, with regard to these six avenues, that stated in the act of 1869.    It contemplates an indefinite number of appraisements for each avenue, to be made from time to time under section 9, which appraisements, according to section 5, are to be in favor of landowners for

damages sustained by the taking of their land, and, according to section 4, are to be in favor of landowners for damages sustained by alteration of grade. But it provides for only a single assessment for each avenue, which, according to sections 6, 12 and 13, is to charge against the land benefited by the laying out of the avenue, the amount of all the appraisements made under section 9, so far as the peculiar benefits will warrant. The Common Pleas appoints these appraisers and assessors also. All other costs and expenses of executing the act and of laying out, opening and constructing the avenues are, according to sections 6 and 7, to be raised by tax. *Ropes* v. *Essex Public Road Board*, 11 *Vroom* 64. The supplement of March 17th, 1870 (*Pamph. L., p.* 714), permits each avenue to be laid out and constructed in municipal sections, and the damages to be appraised and the benefits to be assessed for each section separately.

The only other supplements which relate to assessments for alterations of grades are those of March 26th, 1873 (*Pamph. L., p.* 424), and March 21st, 1874 (*Pamph. L., p.* 389). These purport to confer the power of assessment directly upon the road board itself, without the intervention of assessors, but it is conceded that the method of assessment indicated by these supplements is unconstitutional, and they are, so far, inoperative.

We find no legislative authority for the appointment by the Common Pleas of assessors to levy an assessment of the benefits derived from an alteration of grade, separate and distinct from the assessment of benefits derived generally from the laying out of the avenue. Consequently, the present assessment is unauthorized and must be set aside.